1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

RICHARD ARMENTA,

Case No.  2:22-cv-00415-JDP (PC)

12
Plaintiff,

ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA*

13
v.

*PAUPERIS* AND DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF

14
SHAH, *et al.*,

COUNSEL

15
Defendants.

ECF Nos. 3, 6, 12, 13, & 14

16
SCREENING ORDER THAT PLAINTIFF:

17
(1) FILE AN AMENDED
COMPLAINT; OR

18
19

(2) STAND BY HIS COMPLAINT
SUBJECT TO A RECOMMENDATION
THAT IT BE DISMISSED

20
21

ECF No. 1

22
THIRTY-DAY DEADLINE

23
    Plaintiff Richard Armenta, a state prisoner proceeding without counsel in this civil rights

24
action under 42 U.S.C. § 1983, alleges that defendants violated his Eighth Amendment right to

25
adequate medical care.  ECF No. 1.  For the reasons below, these allegations fail to state a

26
cognizable claim, but I will give plaintiff leave to amend his complaint.  If he fails to do so, I will

27
recommend that his complaint be dismissed.  Additionally, I will grant his most recent application

28

to proceed *in forma pauperis*, ECF No. 14, deny his others as moot, ECF Nos. 6, 12, & 13, and deny his motion to appoint counsel, ECF No. 3.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff, an inmate at California Medical Facility ("CMF"), alleges that after he began to experience severe stomach pain, nausea, and vomiting in January 2022, prison officials took him

2

to the prison medical center, where a doctor recommended hospitalization. ECF No. 1 at 3. At the hospital, a nurse informed him that he likely had appendicitis and would need surgery to remove his appendix. *Id*. at 4. Defendants Shah, Kuliyev, Theobald, and Taylor—all of whom are nurses or physicians at Banner Medical Hospital—allegedly performed or assisted with plaintiff's appendectomy. *Id*. at 1. The post-surgical report, completed by defendant Shah, detailed the successful removal of plaintiff's appendix. *Id*. at 17-18. Nevertheless, plaintiff alleges that for several days following the surgery, he experienced continued vomiting and severe pain in his abdomen. *Id*. at 6. After three days of monitoring and medical assistance, hospital staff discharged him back to CMF. *Id*. Ten days later, defendant Shah contacted plaintiff through medical personnel at CMF to explain that "he thought he removed plaintiff's appendix, but it was tissue," *id*. at 7, that, in fact, "he [had] not f[ou]nd the appendix," *id.*, and that "plaintiff's appendix was fine," *id*. An attached pathological evaluation appears to corroborate this allegation, noting that there was "NO APPENDIX IDENTIFIED" in the tissue removed during plaintiff's surgery. *Id*. at 21.

   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The deliberate indifference standard requires plaintiff to allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* at 1096.

   Plaintiff's allegations are insufficient to show that defendants acted with deliberate indifference either in their decision to perform an appendectomy or in their failure to remove his appendix during surgery. To the contrary, his allegations indicate that defendants evaluated him on intake and rendered a medical determination that an appendectomy was necessary to treat his apparent appendicitis. ECF No. 1 at 6. Defendant Shah's alleged admission that he had not found plaintiff's appendix suggests nothing more than negligence, which is inadequate to state a claim of deliberate indifference. *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004) ("[E]ven gross negligence is insufficient to establish a constitutional violation."). To the extent that plaintiff is alleging that Shah deliberately misreported the success of the surgery, he fails to

3

1   show how the misreporting caused him harm or otherwise amounts to deliberate indifference.

2   Accordingly, as currently pled, plaintiff's allegations do not state a cognizable Eighth

3   Amendment claim.

4         I will give plaintiff leave to amend his complaint before recommending that this action be

5   dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will

6   supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012)

7   (en banc).  This means that the amended complaint must be complete on its face without

8   reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

9   filed, the current complaint no longer serves any function.  Therefore, in an amended complaint,

10   as in an original complaint, plaintiff will need to assert each claim and allege each defendant's

11   involvement in sufficient detail.  The amended complaint should be titled "First Amended

12   Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended

13   complaint, I will recommend that this action be dismissed.

14   **Motion to Appoint Counsel**

15         Plaintiff also moves for appointment of counsel.  ECF No. 3.  Plaintiff does not have a

16   constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525

17   (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See*

18   *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may

19   request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request

20   an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.

21   However, without a means to compensate counsel, the court will seek volunteer counsel only in

22   exceptional circumstances.  In determining whether such circumstances exist, "the district court

23   must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

24   articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113

25   F.3d at 1525 (internal quotation marks and citations omitted).

26         I cannot conclude that exceptional circumstances requiring the appointment of counsel are

27   present here.  The allegations in the complaint are not exceptionally complicated, and plaintiff has

28   not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion

to appoint counsel, ECF No. 3, is denied without prejudice.  The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 14, is granted.

2.  Plaintiff's other applications to proceed *in forma pauperis*, ECF Nos. 6, 12, & 13, are denied as moot.

3.  Plaintiff's motion for appointment of counsel, ECF No. 3, is denied.

4.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

5.  Failure to comply with this order may result in the dismissal of this action.

6.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.


Dated:   __August 5, 2022__                              _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

5