UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>            Plaintiff,<br><br>      v.<br><br>SHAH, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-00415-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 22<br><br>THIRTY-DAY DEADLINE |

Plaintiff Richard Armenta, a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983, alleges that defendants violated his Eighth Amendment right to adequate medical care. ECF No. 22. I previously screened plaintiff's complaint and found that his allegations failed to state a cognizable claim for relief. ECF No. 21. His first amended complaint fares no better. I will give plaintiff one final opportunity to cure the defects in his complaint before recommending that his complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

22       Plaintiff, an inmate at California Medical Facility ("CMF"), alleges that medical personnel
23 were deliberately indifferent to his serious medical needs.  ECF No. 22 at 4.  In January 2022, he
24 began to experience severe abdominal pain and was taken to Banner Medical Center.  *Id.*  After
25 staff conducted a CAT scan and X-Rays of his abdomen, defendant Shah, a surgeon, informed
26 plaintiff that he had appendicitis and sought his consent to perform an appendectomy.  *Id*.  After
27 Shah performed the surgery—assisted by defendants Theobald, an anesthesiologist, and Taylor, a
28 registered nurse—he informed plaintiff that it had been successful and completed a report that

2

detailed the removal of plaintiff's appendix. *Id*. at 7, 38-39. Theobald also allegedly checked on plaintiff and stated that the surgery had gone well. *Id.* at 7.

Nevertheless, plaintiff alleges that for several days following the surgery, he experienced continued vomiting and severe pain in his abdomen. *Id*. He alleges that he informed defendant Kuliyev Faud—another doctor at Banner whose involvement with plaintiff's surgery is not precisely alleged—that he was experiencing pain in his abdomen and that Faud refused to alter his IV. *Id.* After three days of monitoring and medical assistance, hospital staff discharged him back to CMF. *Id*. He alleges that "nothing was given to [him] for pain . . . , nor recommended to the prison." *Id.* He further states that upon his return to CMF, he was evaluated by a doctor—not named as a defendant—and declined the doctor's offer to be admitted to the prison infirmary for further treatment or monitoring. *Id.*

Ten days later, defendant Shah contacted plaintiff through medical personnel at CMF to explain that "he thought he removed plaintiff's appendix, but it was tissue." *Id.* at 8. He added that, in fact, "he [had] not f[ou]nd the appendix," and that "plaintiff's appendix was fine." *Id*. Plaintiff includes with his complaint a "surgical pathology report" of the tissue that had been removed during the surgery. *Id.* at 42. This report contained a "final diagnosis" that read: "mature adipose tissue with an apparent serosal surface with acute and chronic inflammation and necrosis. No definite appendix identified." *Id.*

In the earlier screening order, I found that plaintiff's allegations were insufficient to show that defendants acted with deliberate indifference in their initial—possibly erroneous—decision to perform an appendectomy, in their failure to remove his appendix, or in the misreporting of the appendectomy as successful when it had not been. ECF No. 21 at 3. In short, I found that his allegations at most amounted to negligence, since they failed to identify any "purposeful act or failure to respond to [plaintiff's] pain or possible medical need." *Id.* (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Because the allegations in his first amended complaint are substantially unchanged, I reach the same conclusion.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett*, 439 F.3d at 1096 (quoting

3

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The deliberate indifference standard requires plaintiff to allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* at 1096.  "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id*. at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id*. (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations show that defendants evaluated him on intake and rendered a medical determination that an appendectomy was necessary to treat his apparent appendicitis. ECF No. 22 at 4.  The allegations indicate that defendant Shah misdiagnosed plaintiff and, instead of removing his appendix, removed "inflamed and necroti[c]" tissue from the region near his appendix.  Nothing in the complaint indicates either that Shah knew that plaintiff did not have an appendicitis or that he had not removed plaintiff's appendix during surgery.  Plaintiff's current allegations indicate, at most, negligence, which is insufficient to state a claim of deliberate indifference.  *See Toguchi*, 391 F. 3d at 1060 ("[E]ven gross negligence is insufficient to establish a constitutional violation.").  The allegations against the other defendants fail for the same reasons.  There is no indication, beyond plaintiff's speculation, that any had knowledge that plaintiff did not require an appendectomy or that Shah had failed to remove his appendix.

Even if plaintiff could somehow show that Shah deliberately misreported the success of the surgery, he fails to show how the misreporting caused him harm.  *Cf. Jett*, 439 F.3d at 1096 (requiring a showing of "harm caused by the indifference").  His first amended complaint adds that he is still, nearly a year later, awaiting appendix surgery.  Whether or not this suggestion is plausible, plaintiff fails to provide any factual basis for believing that such a surgery was medically necessary at the time of the events in question.

Finally, the allegation that he was not provided pain relievers upon discharge is insufficiently pled. It departs from the prior bases for his claim and includes few supporting facts. In the final post-surgical report, defendant Shah noted that plaintiff "[o]ffers no complaints" and was in "no acute distress," ECF No. 22 at 35, and plaintiff fails to allege facts showing that defendants Shah, Theobald, or Taylor knew that he needed medication that he was not receiving. Moreover, he alleges that he declined an offer of further medical treatment upon returning to CMF, indicating that he did not need additional medication. *Id.* at 7. Only his related allegation against defendant Faud indicates that any defendant had knowledge that he was experiencing pain, but these allegations are too vague to show anything more than a difference of opinion as to his treatment. *Id. See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

Accordingly, as currently pled, plaintiff's allegations do not state a cognizable Eighth Amendment claim. I will give plaintiff one final chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in both prior complaints, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE