UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>          Plaintiff,<br><br>     v.<br><br>SHAH, *et al.*,<br><br>          Defendants. | Case No. 2:22-cv-00415-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS SECOND AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 28<br><br>THIRTY-DAY DEADLINE |

      Plaintiff, a state prisoner, alleges that defendants violated his Eighth Amendment rights by denying him adequate medical care. On August 8, 2022, I found that plaintiff's initial complaint was deficient insofar as it did not comply with federal pleading standards and did not present a cognizable claim for medical deliberate indifference. ECF No. 21. I gave him leave to amend, and plaintiff has now filed both a first and a second amended complaint, the latter of which is operative. ECF Nos. 22 & 28. That complaint is plagued by the same deficiencies as its predecessor. I will give plaintiff one final opportunity to amend before recommending this action be dismissed.

**Screening Order**

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

As before, plaintiff alleges that the four named defendants, all of whom are nurses or physicians at Banner Medical Hospital, violated his Eighth Amendment rights when they failed to treat treated his abdominal pain which was diagnosed, perhaps incorrectly, as appendicitis. ECF No. 28 at 7-9. These allegations are deficient for two reasons. First, as with the first complaint, plaintiff has not put forth a "short and plain statement" of his claims as contemplated by the federal rules of civil procedure. Federal Rule of Civil Procedure 8(a). Instead, the complaint, which runs to seventy pages including attached exhibits, consists in relevant part of roughly thirty hand-written pages that are unbroken by paragraphs or cogent headings. Many of these pages, as best I can tell, repeat the same allegations again and again in different ways. If plaintiff's claims are straightforward, there is no need to artificially lengthen a complaint.

Second, the allegations in the complaint, despite being cast as implicating deliberate indifference, appear to amount only to negligence. Plaintiff alleges that defendants told him they would perform an appendectomy. ECF No. 28 at 7. Afterwards, he alleges that he learned that other tissue, but not his appendix, had been removed. *Id.* at 9. Plaintiff claims that he continued to experience abdominal pain and vomiting and concludes that defendants falsified the documentation showing that an appendicitis was performed. *Id.* at 8-9. To the extent plaintiff's claims are based on the failure of the appendectomy procedure, nothing in the complaint indicates that this should be viewed as deliberate indifference rather than negligence. Mere medical malpractice is not actionable under section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The allegation that defendants tried to hide the truth from plaintiff after the fact might present a closer call if it did not directly conflict with the content of plaintiff's first complaint. There, plaintiff alleges that the surgeon, Dr. Shah, ultimately phoned him at the prison and admitted that he had failed to find the appendix during the procedure. ECF No. 1 at 7. It makes little sense, as plaintiff alleges, that defendants went through the trouble of falsifying documents only to readily admit the fact they sought to hide. And the medical documents attached to the complaint appear to support the notion that surgeon had, at least initially, believed that the operation was a success. A sealed pouch with the removed "appendix" was sent for testing and, only after those tests were

3

1  completed, was it revealed that no appendix could be "grossly identified" therein. ECF No. 28 at
2  45. If defendants were deliberately trying to hide their failure to remove plaintiff's appendix, it
3  would make little sense to send the tissue for testing.
4        I will offer plaintiff one final opportunity to file an amended complaint that addresses
5  these shortcomings. If he decides to do so, the amended complaint will supersede the current
6  complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).
7  This means that the amended complaint will need to be complete on its face without reference to
8  the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the
9  current complaint no longer serves any function. Therefore, in an amended complaint, as in an
10 original complaint, plaintiff will need to assert each claim and allege each defendant's
11 involvement in sufficient detail. The amended complaint should be titled "Third Amended
12 Complaint" and refer to the appropriate case number.
13       Accordingly, it is ORDERED that:
14     1. Within thirty days from the service of this order, plaintiff must either file an amended
15 complaint or state his intent to stand by the current complaint, subjecting to a recommendation of
16 dismissal for failure to state a claim.
17     2. Failure to comply with this order may result in the dismissal of this action.
18     3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    April 7, 2023                                  
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE