UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ARMENTA,

          Plaintiff,

   v.

SHAH, *et al.*,

          Defendants.

Case No.  2:22-cv-00415-JDP (PC)

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff, a state prisoner, alleges that defendants violated his Eighth and Fourteenth Amendment rights by denying him adequate medical care.  I found that two previous complaints failed, for screening purposes, to state a cognizable claim.  I have twice given plaintiff leave to amend, and his third amended complaint is now before me.  ECF No. 31.  I have reviewed the complaint and the attached documents and now conclude that plaintiff's Eighth Amendment deliberate indifference claim against defendant Shah is suitable to proceed.  All other claims and defendants should be dismissed.

1

1    **Screening Order**

2    **I.        Screening and Pleading Requirements**

3            A federal court must screen a prisoner's complaint that seeks relief against a governmental

4    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

1

2        **II.      Analysis**

3              Plaintiff alleges that the four named defendants, all nurses or physicians at Banner

4    Medical Hospital, violated his Eighth and Fourteenth Amendment rights when they failed to treat

5    his abdominal pain that was initially diagnosed as appendicitis.  ECF No. 31 at 3-4.  In my

6    previous screening order, I found that plaintiff's allegations sounded in negligence, rather than

7    establishing potential Eighth Amendment deliberate indifference.  ECF Nos. 21 & 25.

8              Plaintiff has now brought the same substantive allegations, but with added context.

9    Broadly, he alleges that defendants knew that a substantial risk of serious harm existed after

10   plaintiff underwent an appendectomy, because they had taken abdominal films and received lab

11   results that should have indicated that his appendix had, in fact, not been removed.  ECF No. 31

12   at 10.  Despite this knowledge, he alleges that defendant Shah delayed informing him of the

13   mistake, thereby endangering his health and causing him to suffer physically.  *Id.* at 22-23.  He

14   also claims that, because defendant Shah removed "tissue" rather than the appendix he had

15   consented to, this action amounts to an "unjustified intrusion into [his] body" that violates his

16   Fourteenth Amendment rights.  *Id.* at 11.

17             Only plaintiff's Eighth Amendment claim against Shah is suitable to proceed.  As to that

18   claim, I emphasize that the cognizable violation is not any error in the performance of the

19   appendectomy.  The complaint itself alleges that, at the procedure's completion, Shah believed he

20   had removed the appendix.  *Id.* at 23 (noting that Shah told plaintiff that he thought he had

21   removed the appendix).  Any error in performing the surgery sounds in negligence rather than

22   deliberate indifference.  Rather, the Eighth Amendment claim is based on the alleged delay in

23   Shah's admission of his error.  Lab results returned on January 18, 2022, two days after the

24   surgery, show that the tissue removed during the surgery was not an appendix.  *Id.* at 33.

25   Plaintiff alleges that Shah did not inform him of the failure to remove the appendix until two or

26   three weeks later.  *Id.* at 22-23.  These allegations, construed liberally, are sufficient to state an

27   Eighth Amendment claim against Shah.  I note that plaintiff alleges that he suffered physically

28   during those two to three weeks, *id.* at 23, and that suffering might have been averted or

1    alleviated had Shah come forward sooner.

2           The Eighth Amendment claims against other defendants fail.  Plaintiff vaguely alleges that

3    these other members of the hospital staff knew that his appendix had not been removed and that

4    he was in severe pain, but failed to inform him of the error or otherwise help him.  These

5    allegations are belied by the documents attached to his complaint.  *See Steckman v. Hart Brewing,*

6    *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("We are not required to accept as true conclusory

7    allegations which are contradicted by documents referred to in the complaint.").  Plaintiff alleges

8    that he underwent the appendectomy on January 16, 2022, at approximately 1:30 a.m., ECF No.

9    31 at 8, and by 8:00 a.m. he was in "unbearable" pain and vomiting.  *Id.* at 9.  A medical form,

10   time-stamped to 10:40 a.m., however, indicates that plaintiff was "alert, oriented, [and] in no

11   acute distress."  *Id.* at 26.  It notes that plaintiff "offer[ed] no complaints."  *Id.*

12          There are two sets of progress reports from January 17, 2022.  The first, authored by

13   defendant Kuliyev at approximately 10:00 a.m., does indicate that plaintiff was having frequent

14   episodes of nausea and vomiting, as well as increasing pain around the surgical area.  *Id.* at 37.

15   Kuliyev notes, however, that plaintiff's vital signs and lab results were good, the only abnormal

16   number being a low level of potassium.  *Id.*  Abdominal films showed only "mild post-surgical

17   ileus with underlying constipation."  *Id.*  Another set of progress notes authored by defendant

18   Shah, entered at approximately 10:20 a.m. acknowledge plaintiff's vomiting, but note that it was

19   now "under good control" with the medication Zofran being administered intravenously.  *Id.* at

20   27.  Plaintiff appeared "alert and oriented."  *Id.*  He was discharged the next day as planned.  *Id.*

21   at 28, 32.

22          No defendant other than Shah is alleged to have had any contact with plaintiff after

23   discharge.  Plaintiff alleges that, during his stay at the hospital, the other defendants knew or

24   should have known that the appendix was not removed—either because of the aforementioned lab

25   report or because of abdominal films taken on January 17, 2022.  These allegations are

26   insufficient to state a claim.  There is no allegation that any of the other defendants—Taylor,

27   Theobald, and Kuliyev—had access to the lab report; only defendant Shah's name is listed on it.

28   *Id.* at 33.  Moreover, there is no allegation that these defendants had interactions with plaintiff

                                                     4

after January 17, 2022.  Additionally, defendant Kuliyev's notes about the abdominal films on

January 17 show that they were unremarkable, showing only mild post-surgical ileus with

underlying constipation.  *Id.* at 37.  Plaintiff does allege that these defendants conspired to falsify

his medical records to show that his surgery went well, but he offers no specifics to support this

view.[1]  Given that I recommend dismissal of plaintiff's federal claims against these defendants, I

also recommend dismissal of his state law claims against them.

Plaintiff's Fourteenth Amendment claims against all defendants, premised on an

unjustified intrusion into his body, fail.  There is no legal authority to support the proposition that

a minor, accidental taking of tissue during consensual surgery amounts to a taking of property or

a violation of bodily autonomy without due process that violates the Fourteenth Amendment.

Accordingly, it is ORDERED that:

1.	The third amended complaint, ECF No. 31, brings a viable Eighth Amendment

claim against Defendant Shah for delay in informing plaintiff that his appendix had not been

removed.

2.	With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

copy of the April 20, 2023 complaint, and 1 USM-285 form and instructions for service of

process on defendant Shah. Within 30 days of service of this order, plaintiff must return the

attached Notice of Submission of Documents with the completed summons, the completed USM-

285 form, and two copies of the endorsed complaint. The court will transmit them to the United

States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Defendant will be required to respond to plaintiff's allegations within the deadlines stated in Rule

12(a)(1) of the Federal Rules of Civil Procedure.

3.	The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that all other claims and defendants be DISMISSED

---

[1] Most of the pertinent medical documents attached to plaintiff's complaint were
generated before the return of the lab results showing that the appendix had not been removed.
As noted above, the January 16 and 17 medical notes were mostly positive and certainly not
indicative of a failed surgery.  It appears that defendants would only have had a motive to falsify
documents once the lab reports were returned on January 18.

1   without leave to amend for failure to state a viable claim.

2           These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4   after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Such a document should be captioned

6   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

7   objections shall be served and filed within fourteen days after service of the objections.  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

10  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13

14  Dated:    June 12, 2023                                    _____
                                                              JEREMY D. PETERSON
15                                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   RICHARD ARMENTA,                         No.  2:22-cv-0415 JDP (PC)
11                  Plaintiff,
12          v.                                NOTICE OF SUBMISSION OF
                                              DOCUMENTS
13   SHAH, *et al*.,
14                  Defendants.
15

16          In accordance with the court's Screening Order, plaintiff must submit:
17       ____1____        completed summons form
18       ____1____        completed USM-285 forms
19
         ____2____        copies of the April 20, 2023, complaint
20
21
22   DATED:
23
24                                           _____
                                                 Plaintiff
25
26
27
28