UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANJAY SHAH,<br><br>　　　　Defendant. | Case No.  2:22-cv-0415-TLN-JDP (P)<br><br><br>ORDER |

Pending before the court is defendant's motion to compel. ECF No. 65. I will grant defendant's motion and order plaintiff to provide discovery responses by February 10, 2025.

**Background**

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The third amended complaint alleges that defendant Dr. Sanjay Shah violated plaintiff's Eighth Amendment rights by not informing plaintiff in a timely manner that his appendix had not been removed, despite representations from defendant that it had been removed during a prior operation. ECF No. 31.

Defendant timely answered, and on June 12, 2024, the court issued the discovery and scheduling order. The scheduling order set the deadline for serving all discovery requests as

1

1  September 30, 2024, and the deadline for completing all discovery as November 29, 2024.  ECF
2  No. 64.

### Motion to Compel

**A.  Meet and Confer Efforts**

On November 27, 2024, defendant filed a motion to compel arguing that plaintiff failed to respond to his discovery requests.  ECF No. 65-1.  But before then, the parties engaged in commendable meet and confer efforts.

Defendant served plaintiff with interrogatories and request for production of documents on September 30, 2024—the final day to serve discovery under the June 12 scheduling order.  *Id.* at 2.  On October 8, 2024, plaintiff sent defendant a letter informing him that plaintiff would not respond to the discovery served on September 30 since the requests were untimely.  ECF No. 65-2 at 19.  In the letter, plaintiff explains that defendant should have served his discovery request thirty days earlier—by August 30, 2024—because discovery requests must be served thirty days before the discovery deadline.  *Id.*  On November 4, 2024, defendant sent plaintiff a letter in response.  *Id.* at 21.  Therein, defendant explained that the discovery requests were timely under the court's scheduling order, and that plaintiff had until November 4, 2024, to serve timely responses.  *Id.* at 22.  Plaintiff responded with another letter on November 11, 2024, in which he continued to argue that discovery must be served thirty days before the cutoff date.  *Id.* at 24.

**B.  Analysis**

Plaintiff appears to misunderstand the court's June 12, 2024 scheduling order.  As defendant notes, the order directs that all discovery be *served* by September 30, 2024.  ECF No. 64 at 5.  This does not mean that plaintiff must have received the discovery request by September 30 or that plaintiff's responses were due by September 30; rather, as it states, it sets the final day to serve any discovery as September 30.  Therefore, defendant's discovery requests, served on September 30, 2024, were timely.  Plaintiff, by that token, was permitted thirty-three days to serve his responses.  *See* Fed. R. Civ. Pro. 6(d); 33(b)(2); 34(b)(2)(A).

It appears that plaintiff thought the September 30 date was the discovery cutoff date.  Plaintiff cites in his letters *Bishop v. Potter*, 2010 WL 2775332, and *Lee v. Ballesteros*, 2015 WL

4872664. However, both of those cases deal with discovery that was served with less than thirty days before the discovery cutoff date. Here, the discovery cutoff date is November 29, 2023. Plaintiff had more than ample time to respond to defendant's discovery before this date.

Given this apparent misunderstanding, the court will grant defendant's motion and permit plaintiff until February 10, 2025, to serve responses to defendant's discovery request.[1] The deadline to complete discovery—including filing motions to compel—is extended to March 4, 2025, and the deadline to file dispositive motions is extended to June 2, 2025.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to compel is, ECF No. 65, is granted. Plaintiff is ordered to serve discovery responses by February 10, 2025.

2. The deadline to complete discovery is extended to March 4, 2025, and the deadline to file dispositive motions is June 2, 2025.

IT IS SO ORDERED.

Dated:    January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant asks that the court order that plaintiff's response be without objection. ECF No. 65-1 at 6. Given that the court is extending the deadline for motions to compel and dispositive motions, it will not order plaintiff to supply objection-free responses.

3