UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANJAY SHAH,<br><br>    Defendant. | Case No. 2:22-cv-0415-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding *pro se*, alleges that defendant Sanjay Shah performed an appendectomy on him and, afterwards, violated his Eighth Amendment rights by waiting an extended period (two or three weeks) to inform him that the appendix had not actually been removed. Defendant has now moved for judgment on the pleadings, ECF No. 71. Defendant's motion should be denied.

**I.      Legal Standards**

    The standard for adjudicating a motion for judgment on the pleadings is identical to the one used for deciding a motion to dismiss under Rule 12(b)(6). *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to

1

1    state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
2    570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows
3    the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
4    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility
5    standard is not akin to a "probability requirement," but it requires more than a sheer possibility
6    that a defendant has acted unlawfully.  Iqbal, 556 U.S. at 678.

7        For purposes of dismissal under Rule 12(b)(6), the court generally considers only
8    allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
9    subject to judicial notice, and construes all well-pleaded material factual allegations in the light
10   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
11   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

12       Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal
13   theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d
14   at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
15   claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

16   **II.   Analysis**

17       Plaintiff alleges that defendant performed an appendectomy on January 16, 2022.  ECF
18   No. 31 at 8.  He claims that Shah failed to remove the appendix, however, and knowingly failed
19   to apprise him of this fact for three weeks.  *Id.* at 22-23.  Defendant raises two arguments in
20   support of his motion for judgment on the pleadings.  First, he argues that a document attached to
21   the complaint demonstrates that, at the earliest, he was aware that the appendix had not been
22   removed on January 18, 2022, when he received the pathologist report.  ECF No. 71-1 at 5.  Thus,
23   there was an approximately eight-day period, between January 19 and January 27, 2022, during
24   which plaintiff was unaware that his appendix had not been removed.  *Id.*  Second, defendant
25   contends that plaintiff's failure to file timely responses to his requests for admission renders
26   automatic an admission that there was no excessive risk to his health or safety caused by
27   defendant.  *Id.* at 8.  Neither argument is availing.
28

As to the first argument, the document in question is a discharge summary that provides, as its discharge diagnosis: "[a]cute appendicitis, pathology report awaited." ECF No. 31 at 32. This single line, in a medical report authored by the defendant, does not warrant judgment on the pleadings. I cannot say, based solely on the pleadings, that an eight-day delay, rather than a three-week delay, precludes a finding that defendant was deliberately indifferent. Moreover, the fact that a pathology report was pending does not, without more, establish that defendant was unaware that he had failed to remove plaintiff's appendix. To be sure, that is a possible and, perhaps, intuitive conclusion, but it is not obvious or automatic. As in a motion to dismiss, however, I must draw all inferences in favor of the non-moving party, and that precludes judgment on the pleadings based on this argument.

I also reject defendant's argument that plaintiff's failure to timely respond to defendant's requests for admission warrant judgment on the pleadings. Plaintiff disputes that he did not timely respond to the requests. ECF No. 72 at 2. I find resolution of this discovery dispute inappropriate at this juncture. Additionally, plaintiff's *pro se* status warrants a degree of leniency and cautions against awarding judgment on the pleadings based on a failure to timely respond to requests for admission.

Accordingly, it is RECOMMENDED that defendant's motion for judgment on the pleadings, ECF No. 71, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: _July 30, 2025_

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE