UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ARMENTA,

Plaintiff,

v.

SANJAY SHAH,

Defendant.

Case No. 2:22-cv-0415-TLN-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

The parties have filed numerous motions. I will adjudicate them in the order they were filed.

Motion to Reschedule Settlement Conference

On June 16, 2026, a settlement conference in this case was vacated due to technical difficulties at the prison where plaintiff was housed. ECF No. 98. On June 25, 2026, the magistrate judge to whom this matter was referred for settlement proceedings determined that a conference would not be an effective use of judicial resources. ECF No. 101. Then, on June 29, 2026, plaintiff filed a motion to reschedule settlement conference, ECF No. 102, wherein he states that he was not at fault for the failure of the settlement conference to materialize and requests that it be rescheduled. ECF No. 102. Currently, the court is not inclined to reschedule settlement proceedings, and this motion is denied.

Motion to Withdraw or Amend Admissions

On June 17, 2026, I granted defendant's motion to compel, ECF No. 92, and deemed the matters in his requests for admission admitted based on plaintiff's unjustified failure to timely respond to those requests. ECF No. 99. On July 2, 2026, plaintiff moved to withdraw or amend his admissions. ECF No. 103. Therein, he broadly argues that defendant will not be prejudiced by the withdrawal and that he did not act in bad faith when he failed to serve timely responses. *Id.* at 2. Defendant opposes plaintiff's motion to withdraw or amend, ECF No. 107, and argues that plaintiff has failed to meet the standard for withdrawal or amendment insofar as he fails to discuss how the withdrawal of each specific admission would promote presentation of the merits.[1] I agree that plaintiff's motion to withdraw or amend fails to sufficiently discuss each admission he seeks to withdraw or amend. In light of his pro se status, however, I will grant his motion subject to the following conditions: (1) within twenty-one days of this order's entry, plaintiff must submit complete responses to the requests for admission to defendant's counsel; (2) thereafter, defendant shall have forty-five days to conduct any additional discovery it deems necessary based on those responses. At the end of that forty-five day deadline, the parties shall file status reports explaining what issues, if any, remain to be resolved before this matter is set for trial.

Motion to Re-Open Dispositive Motion Deadline

I will deny defendant's motion to re-open the dispositive motion deadline, which expired on April 10, 2025, without prejudice. ECF No. 104. One of the rationales for re-opening the deadline is my order that deemed defendant's requests for admission admitted. ECF No. 104-1 at 1. As noted above, however, I will grant plaintiff's motion to withdraw those admissions subject to conditions. If, after the additional discovery is completed, defendant believes further motion practice would be fruitful, he may renew his motion to re-open the deadline. In light of this ruling, I also deny plaintiff's motion to delay ruling on re-opening the dispositive motion deadline. ECF No. 109. Therein, he requests that ruling on defendant's motion be postponed

[1] Withdrawal or amendment of admissions is proper where: (1) withdrawal would aid presentation of the merits; and (2) withdrawal would not prejudice the party who obtained the admission in maintaining or defending the action on the merits. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

until rulings on his motions have issued. This order takes up and disposes of all pending motions, thus no postponement is necessary.

Request for Supplemental Pleadings or to Amend Complaint

Plaintiff's motion to amend complaint or supplement pleadings should be denied. ECF No. 105. In my scheduling order, I set November 29, 2024, as the deadline for filing any motion to amend the complaint. ECF No. 64 at 5. Discovery has been long closed in this case and plaintiff cannot offer any plausible justification for waiting until July 20, 2026, more than four years after this case was filed, to amend his complaint and restart the process of screening and scheduling. Additionally, defendant would, as he reasonably argues in his opposition, be prejudiced by amendment at this late stage. ECF No. 108 at 10. I recommend that this motion be denied.

Motion for Subpoena Duces Tecum

Plaintiff's motion for a subpoena duces tecum to "Western Pathology Consultants" in Reno, Nevada is denied. ECF No. 114 at 1. First, discovery closed long ago, and plaintiff has not offered any persuasive justification for the lengthy delay in bringing this motion for a subpoena. *See* ECF No. 64 (discovery closed in November 2024). Second, these records appear to pertain to plaintiff, and, while he alleges that he cannot obtain them due to his incarcerated status, he has not adequately explained what attempts he has made or why a subpoena is necessary.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to reschedule settlement conference, ECF No. 102, is DENIED.

2. Plaintiff's motion to withdraw or amend admissions, ECF No. 103, is GRANTED. Within twenty-one days of this order's entry, plaintiff shall file complete responses to the requests for admissions that defendant propounded on him. Defendant shall have forty-five days from the expiration of that twenty-one day deadline to conduct any additional discovery he deems necessary based on those responses. At the conclusion of those forty-five days, the parties shall file status reports discussing: potential interest in a settlement conference, any practical limitations on going to trial at this juncture, and any other measure that would secure speedy and efficient resolution of this case. If either party believes further dispositive motion practice would

be useful, it may discuss this issue in its status report.

3. Defendant's motion to re-open dispositive motion deadline, ECF No. 104, is DENIED without prejudice.

4. Plaintiff's motion to delay ruling, ECF No. 109, is DENIED.

5. Plaintiff's motion for subpoena duces tecum, ECF No. 114, is DENIED.

6. Plaintiff's request for ruling, ECF No. 116, is GRANTED insofar as the recommendations issuing alongside this order address the motion in question.

Further, it is RECOMMENDED that plaintiff's motion to amend, ECF No. 105, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE